IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| ANTHONY BRODZKI,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA; VIA THE JUSTICE DEPARTMENT,<br><br>Defendants. | Cause No. CV-11-00005-H-DWM-RKS<br><br>RECOMMENDATION AND ORDER |

This matter comes before the Court on Plaintiff Anthony Brodzki's Motion to Proceed in Forma Pauperis (C.D. 1), proposed Complaint (C.D. 2), and Motion for a Restraining Order. (C.D. 2). Mr. Brodzki is proceeding in this case without counsel.

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). Leave to proceed in forma pauperis should be granted if the affidavit sufficiently indicates the affiant cannot pay court costs and still provide the necessities of life for himself and his family. *Adkins v. E. I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the

-1-

proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Mr. Brodzki states the FBI is being served with a Federal Tort Claim action for 25 million dollars to pay for their false imprisonment, enslavement, battery, "psychops," and allowing a police department to torture and water board Mr. Brodzki since April 2007. He contends a Chicago police officer "demonstrated the system to Brodzki on November 3rd 2008." He alleges "[t]his is a system where torture and great pain are used by police to deny basic civil rights and torture brodzki with the might of using a car battery and inducing shock treatments on brodzki." He also indicates "Guantanamo torture" is being used on him.

Brodzki is also seeking a restraining order against the FBI and the United States Department of Justice for "stealing research from Anthony john brodzki by using him as a slave to silent talk communication systems experiments which the justice department is developing for the United States government." (C.D. 2, p. 5).

This district is the improper venue for Brodzki's Federal Tort Claim Act action. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or

if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Pursuant to 28 U.S.C. § 1402(b), "[a]ny civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." As Brodzki resides in Texas and no events or omissions giving rise to Brodzki's claims occurred in Montana, this is not a proper venue for this case.

In addition, Brodzki's allegations are fantastic, delusional, irrational, and frivolous. Mr. Brodzki has a history of filing frivolous lawsuits and has alleged these same or similar facts in previous suits, which have been dismissed. According to the National Case Party Index database, Brodzki has filed 48 civil actions, nine appeals and one bankruptcy since August 26, 2009, approximately 57 cases in a year and a half. The Northern District of Illinois has issued a vexatious litigant order against Brodzki. *See In Re: Anthony J. Brodzki*, Civil Docket No. 1:10-CV-04591 (Order dated July 23, 2010). He has also been monetarily sanctioned in the Northern District of Texas based upon his history of submitting multiple frivolous lawsuits. *See Brodzki v. North Richland Hills Police Department*, Civil Action No. 3:10-CV-0539-P-BH (Order dated March 31, 2010).

Most of Brodzki's prior lawsuits were found to be frivolous and as one Court stated "wholly within in the realm of fantasy." *Brodzki v. Regional Justice Center*, D.Nev. Civil Docket No. 2:10-CV-01091-LDG-LRL (Order dated July 22, 2010). Brodzki's prior claims frequently involved allegations of electronic harassment by law enforcement. His current complaint is no different.

Given the frivolous nature of Brodzki's claims and his history of vexatious litigation in the other districts where this action could be filed, this matter should not be transferred pursuant to 28 U.S.C. § 1406(a).

As such, the Motion to Proceed in Forma Pauperis should be denied. Because Mr. Brodzki is not entitled to a ten-day period to object, this Order will be entered directly upon endorsement. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

While the Court ordinarily gives litigants an opportunity to pay the $350.00 filing fee, it should not do so in this case. Mr. Brodzki's claims are frivolous. In addition, Mr. Brodzki has a history of abusing the system and filing repetitive, frivolous lawsuits. Mr. Brodzki knew or should have known, from his previous filings, he probably would not be permitted to proceed in forma pauperis.

-4-

Based on the foregoing, the Court **RECOMMENDS** the following Order be issued by Judge Molloy.

DATED this 14 day of February, 2011.

Keith Strong
United States Magistrate Judge

Based upon the above Recommendation by Judge Strong, the Court issues the following:

## ORDER

1. Plaintiff's Motion to Proceed in Forma Pauperis (C.D. No. 1) is **DENIED**.

2. Plaintiff's Complaint is **DISMISSED** and the Clerk of Court shall close the file.

DATED this 14 day of February, 2011.

DONALD W. MOLLOY
United States District Judge

-5-